UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ARLENE RIVERA,

          Plaintiff,    **OPINION & ORDER**

 - against -           No. 20-CV-7215 (CS)

ANDREW SAUL,

          Defendant.
-------------------------------------------------------------x

Appearances:

Richard B. Seelig
Seelig Law Offices, LLC
New York, New York
*Counsel for Plaintiff*

Andreea Lechleitner
Special Assistant United States Attorney
Baltimore, Maryland
*Counsel for Defendant*

Seibel, J.

  Before the Court is Plaintiff's motion pursuant to 42 U.S.C. § 406(b) seeking attorney's fees in the amount of $8,100.00. (ECF No. 29.) For the following reasons, Plaintiff's motion is GRANTED.

**I.  BACKGROUND**

  On February 12, 2018, Plaintiff Arlene Rivera applied for disability insurance benefits alleging that she was disabled as of June 30, 2017. (ECF No. 2 ¶ 6.) The Social Security Administration ("SSA") denied her application, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id.* ¶ 7.) On July 31, 2019, an ALJ denied Plaintiff's

disability claim.  (*Id.* ¶ 8.)  Plaintiff appealed to the SSA Appeals Council, which denied the appeal on July 10, 2020.  (*Id.* ¶ 10.)

On August 13, 2020, Plaintiff retained Richard Seelig of Seelig Law Offices, LLC to litigate her claim in federal court and signed a fee agreement providing that the contingency fee would be "25% of all retroactive or past due social security disability benefits awarded."  (Ex. A.)[1]  On September 4, 2020, Plaintiff filed the instant action seeking past-due Social Security benefits.  (ECF No. 2.)

On May 17, 2021, the parties agreed that the case should be remanded for further administrative proceedings, (ECF No. 19), and on the same day, the Court entered the stipulation and order, (ECF No. 20).  On July 16, 2021, the parties stipulated that Plaintiff be awarded $1,400.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (ECF No. 23.)

On remand, the SSA approved Plaintiff's claim for disability benefits.  (ECF No. 30 ("P's Mem.") at 3; Ex. B at 1.)  On April 2, 2022, the SSA issued a Notice of Award notifying Plaintiff that her past-due benefits totaled $125,510.80, (Ex. B at 1),[2] and that the SSA had withheld $28,158.00 to pay Plaintiff's attorney's fees, (*id.* at 3).  On April 15, 2022, Seelig filed a motion requesting an order awarding $8,100.00 in attorney's fees under 42 U.S.C. § 406(b) for his work before this Court, (ECF No. 24), and separately requested that the Court extend his time to amend or re-file the motion until after the SSA decided the fee petition under § 406(a) submitted

---

[1] At ECF Nos. 31-1 to 31-4, Plaintiff attaches four exhibits labeled on the Court's Electronic Filing System ("ECF") as Exhibits A-D.  When citing the exhibits, I refer to them as labeled by Plaintiff.  I reference the exhibits' internal page numbers.

[2] The Court calculated the past-due benefits by totaling the monthly benefit amounts for December 2017 through March 2022 as set forth in the Notice of Award.  (*See* Ex. B at 1.)

2

by the attorney who had represented Plaintiff before the agency, (ECF No. 25; ECF No. 26 at 2-3).  For administrative reasons only, I denied the motion without prejudice to renewal, but deemed it filed and pending as of April 15, 2022.  (ECF No. 28.)  I also ordered that Plaintiff's counsel amend the motion within 21 days of receiving a decision from the SSA as to fees under § 406(a).  (*Id.*)

Seelig never received a copy of the 406(a) decision, (P's Mem. at 1), but he received a letter from the SSA dated March 13, 2024 advising that $14,070.50 remained of the withheld past-due benefits, (Ex. D), leading him to believe that the SSA had recently awarded the 406(a) fees, (P's Mem. at 1).[3]  On March 27, 2024, Seelig filed the instant amended motion requesting an order awarding $8,100.00 in attorney's fees.  (ECF No. 29.)  The Commissioner responded on April 4, 2024, indicating that it "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)," but asking that if the Court awards such fees, "the Court order indicate the amount of any section 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award."  (ECF No. 32 ("Comm'r Resp.") at 1-2.)

## II. DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[3] Seelig should have submitted a sworn statement attesting to this fact, rather than including it in an unsworn memorandum, "as it is well-settled that an attorney's unsworn statements in a brief are not evidence." *Bennett v. Comm'r of Soc. Sec.*, No. 17-CV-2067, 2021 WL 3537165, at *4 n.1 (S.D.N.Y. Aug. 11, 2021).  (Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.)  But I will nevertheless accept Seelig's statement that he first received notice of the 406(a) award through the SSA's March 13, 2024 letter.  *See id.* (accepting counsel's unsworn statement in a § 406(b) motion); *Rivera v. Saul*, No. 18-CV-7135, 2021 WL 864184, at *2 & n.3 (S.D.N.Y. Mar. 9, 2021) (same).

3

42 U.S.C. § 406(b)(1)(A).  A contingent-fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case – not an hourly rate determined under lodestar calculations."  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).  A court considering a motion for attorney's fees pursuant to § 406(b) first determines whether the motion was timely, and then reviews the reasonableness of the request.  *Rosario v. O'Malley*, 21-CV-3193, 2024 WL 3498410, at *2 (S.D.N.Y. July 19, 2024).

### A. Timeliness

Federal Rule of Civil Procedure 54(d), which governs the timeliness of motions for attorney's fees under § 406(b), requires that fee applications be filed within fourteen days after "the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i); *see Sinkler v. Berryhill*, 932 F.3d 83, 86 n.3 (2d Cir. 2019).  "In *Sinkler*, however, the Second Circuit held that equitable tolling extends this period to fourteen days after 'a party receives notice of a benefits calculation' for social security cases involving a judgment that reverses the denial of benefits and remands to the SSA."  *Rosario*, 2024 WL 3498410, at *2 (quoting *Sinkler*, 932 F.3d at 89).  "Thus, where, as here, a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)."  *Laden v. Comm'r of Soc. Sec.*, No. 17-CV-10050, 2022 WL 17828488, at *2 (S.D.N.Y. Nov. 3, 2022), *report and recommendation adopted*, No. 17-CV- 10050, 2022 WL 17414356 (S.D.N.Y. Dec. 5, 2022).

In *Sinkler*, the Second Circuit held that Rule 54(d)(2)(B) applies to § 406 motions but was "mindful that its fourteen-day limitations period is not absolute." 932 F.3d at 89. Rule 54 "expressly states that the specified period applies 'unless a statute or a court order provides otherwise.'" *Id*. (quoting Fed. R. Civ. P. 54(d)(2)(B)). "Thus, district courts are empowered to enlarge that filing period where circumstances warrant." *Id.*

Here, the Notice of Award is dated April 2, 2022. (Ex. B.) Seelig filed the original motion for attorney's fees on April 15, 2022, (ECF No. 24), and I deemed it filed and pending as of that date, (ECF No. 28), which is 10 days after Plaintiff (and Seelig) presumably received the Notice of Award on April 5, 2022. *See* Fed. R. Civ. P. 6(d) (notice presumed to have been received three days after mailing). Thus, the original motion, (ECF No. 24), was timely, as Seelig filed it within the fourteen-day filing period.

As to my order that Seeling file an amended motion within 21 days of receiving the SSA's § 406(a) fee decision, (ECF No. 28), I find that circumstances warrant enlarging the filing period. Seelig could not have filed the amended motion for attorney's fees until he received notice of the amount of withheld benefits remaining after the decision on the § 406(a) application. Seelig did not receive the § 406(a) decision because the SSA sent it to Plaintiff's administrative counsel, who did not notify him. (*See* P's Mem. at 1.) Once Seelig received the SSA's March 13, 2024 letter, he filed this motion within fourteen days of when he presumably received the letter on March 16, 2024. *See* Fed. R. Civ. P. 6(d). Other courts have enlarged the filing period in similar circumstances. *See, e.g.*, *Lowe v. Saul*, No. 16-CV-720, 2021 WL 268883, at *2 (D. Conn. Jan. 26, 2021) (§ 406(b) motion timely where counsel filed the motion within five days of receiving SSA's determination of § 406(a) fees); *Bennett*, 2021 WL 3537165, at *4 (§ 406(b) motion timely where counsel filed the motion fifteen days after receiving status

notice indicating amount of § 406(a) fees). Moreover, the Commissioner does not contest the timeliness of Plaintiff's motion. (*See* Comm'r Resp.) Thus, the Court deems Plaintiff's motion timely.

### B. Reasonableness

A court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) does not displace contingent-fee agreements," but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

To determine reasonableness, "courts must first determine whether the contingency percentage is within the 25% cap and whether there has been fraud or overreaching in making the agreement." *Fabiani v. Kijakazi*, No. 21-CV-5453, 2023 WL 8582274, at *2 (S.D.N.Y. Nov. 21, 2023), *report and recommendation adopted sub nom. Fabiani v. Saul*, No. 21-CV-5453, 2023 WL 8566545 (S.D.N.Y. Dec. 11, 2023). A court must then consider

> 1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor.

*Id.*

The fee here is reasonable. First, Plaintiff's counsel seeks a contingency fee of $8,100.00, which is approximately seven percent of Plaintiff's $125,510.80 past-due benefits award. Thus, Plaintiff's request is within the 25-percent cap, and there is no evidence of fraud or overreaching in making the agreement. Additionally, the fee is not out of line with the character and results of the representation. Plaintiff's counsel reviewed the administrative record, prepared and filed the complaint, and negotiated a remand to the SSA. (*See* Ex. C; ECF No. 19); *Fields*, 24 F.4th at 854. The remand resulted in Plaintiff ultimately being awarded benefits, and nothing in the record indicates that Plaintiff's counsel unreasonably caused delay.

Although Plaintiff's counsel devoted only 8.1 hours to the case, (*see* Ex. C), the requested fee of $8,100.00 is not inappropriately large in light of the successful result. While the hourly rate counsel seeks ($1,000) is more than four times Seelig's average non-contingency billing rate ($217), (*see* Ex. C; P's Mem. at 9-10), it well within the range that other courts in this Circuit have approved, *see Laden*, 2022 WL 17828488, at *5 (collecting cases approving of hourly rates ranging from $1,079.72-$1,574.78), and not inappropriate in light of the risk counsel undertakes in representing a client who has already lost at multiple levels of administrative review, *see Arteaga v. Comm'r of Soc. Sec.*, No. 17-CV-5256, 2021 WL 5304053, at *1 (E.D.N.Y. Nov. 15, 2021); *Goins o/b/o J.D.G. v. Berryhill*, No. 16-CV-6398, 2019 WL 311620, at *3 (W.D.N.Y. Jan. 24, 2019).

To further determine whether the award would be a windfall, "courts must consider more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854. In determining whether the requested fee would be a "windfall," courts consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a

relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do;" (2) "the nature and length of the professional relationship with the claimant – including any representation at the agency level;" (3) "the satisfaction of the disabled claimant;" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

Seelig has extensive Social Security case experience, having handled over 1,000 cases at the administrative level and over fifty appeals in federal court. (P's Mem. at 9.) Seelig was particularly efficient. He spent a total of only 8.1 hours on this case, despite representing Plaintiff for the first time on appeal and being unfamiliar with administrative record. *See Springer v .Comm'r of Soc. Sec.*, 2023 WL 2711313, at *4 (E.D.N.Y. Mar. 30, 2023). Seelig was "particularly successful given that [he] contributed to the Commissioner's ultimate decision to stipulate to a remand before briefing had even commenced." *Phillip v. Comm'r of Soc. Sec.*, No. 18-CV-5005, 2021 WL 681289, at *3 (S.D.N.Y. Feb. 22, 2021). While Plaintiff's counsel did not handle the administrative proceedings before the Social Security Administration, counsel was instrumental in securing a favorable result on appeal, and there is no indication that Plaintiff was dissatisfied with counsel's representation. Moreover, absent counsel, Plaintiff's benefits award would have been uncertain, given that her application was initially denied by the ALJ, (ECF No. 2 ¶ 8), and the Appeals Council, (*id.* ¶ 10). Accordingly, the requested award would not be a windfall.

### C. The EAJA Award

"[W]here a plaintiff's counsel received fees for the same work before a district court under the EAJA and § 406(b), counsel must refund to the plaintiff the amount of the smaller fee." *Fabiani*, 2023 WL 8582274, at *3; *see Gisbrecht*, 535 U.S. at 796 ("Congress harmonized

fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.").  Therefore, Plaintiff's counsel has appropriately agreed to refund to Plaintiff the EAJA fee he received.  (P's Mem. at 10.)

### D. Language of the Order

The Commissioner requests that if the Court awards § 406(b) fees, the Court's order not include "language directing that the Commissioner 'pay' the award."  (Comm'r Resp. at 2.)  In the alternative, the Commissioner requests that the Court "specifically indicate that any amount it authorizes . . . is to be paid out of Plaintiff's past due benefits in accordance with agency policy."  (*Id.* at 3-4.)  The SSA withholds up to 25 percent of a claimant's past-due benefits in a single pool of funds for direct payment of attorney's fees awarded under both § 406(a) and § 406(b).  (*Id*. at 2-3.)  The Commissioner submits that if the pool of withheld benefits in the Commissioner's possession at the time of the § 406(b) award is insufficient to satisfy the fees determined reasonable by the court, the attorney must recover the difference from the claimant.  (*Id.* at 3.)

Here, the SSA has withheld a remaining balance of $14,070.50 from Plaintiff's past-due benefits.  (Ex. D.)  Plaintiff seeks $8,100.00, which is less than the amount the SSA has withheld.  The record suggests that the SSA has already paid the § 406(a) fee award to Plaintiff's administrative counsel:  the SSA originally withheld $28,158.00, (Ex. B at 3); Plaintiff's administrative counsel received a § 406(a) fee decision, (P's Mem. at 1); and now $14,070.50 remains available for payment, (Ex. D).  The record does not contain any reason to believe that the pool from which counsel's fee would be paid is so depleted that there is any real risk of non-

9

payment.[4]  On the other hand, the Commissioner is technically correct that Plaintiff and her counsel have no right of action against the SSA if the proper fees are not paid by the SSA, *see Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016), and that "[i]f the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference," *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).  While the issue may involve "a distinction without a difference," *Mehlrose v. Comm'r of Soc. Sec.,* No. 22-CV-3406, 2024 WL 698729, at *5 (E.D.N.Y. Feb. 15, 2024), *report and recommendation adopted*, 2024 WL 990122 (E.D.N.Y. Mar. 7, 2024), I see no harm in specifying that the fee be paid out of Plaintiff's past-due benefits.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is GRANTED, and Plaintiff's counsel is awarded $8,100.00, to be paid out of Plaintiff's past-due benefits.  Upon receipt of the award, Plaintiff's counsel is directed to promptly refund to Plaintiff $1,400.00, which represents the EAJA fee that counsel previously received.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 29).

**SO ORDERED.**

Dated: December 5, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[4] Plaintiff's memorandum states that "it is unclear how much will be awarded under 406(a)." (P's Mem. at 4.)  The Court disregards this statement as an artifact of the memorandum of law for Plaintiff's original motion, (ECF No. 26), because it is otherwise clear that counsel filed the instant amended motion upon notice that the SSA had rendered a decision on the § 406(a) fee application, (*see* P's Mem. at 1).